**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1681-19

JOSHUA DALRYMPLE,
a/k/a HOMER,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted April 12, 2021 – Decided May 12, 2021

Before Judges Hoffman and Suter.

On appeal from the New Jersey Department of Corrections.

Joshua Dalrymple, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Beonica A. McClanahan, Deputy Attorney General, on the brief).

PER CURIAM

Joshua Dalrymple, an inmate at South Woods State Prison (SWSP), appeals the September 12, 2019 final decision of the Department of Corrections (Department), imposing disciplinary sanctions for violation of prohibited act *.803/*.203 — attempting to possess a prohibited substance contrary to N.J.A.C. 10A:4-4.1(a). We reverse the finding of guilt and disciplinary sanctions.

On September 10, 2019, an investigator for the special investigation division at SWSP confiscated a letter addressed to appellant after observing an orange-colored substance underneath one of the two postage stamps. Based on his training and experience, the investigator believed this to be Suboxone, which is a controlled substance. The letter was correctly addressed and included appellant's inmate number. The return address was from a person who previously visited appellant. The letter contained photographs and a letter. Appellant complied with the request for a urine test, and it was negative.

Appellant was charged with institutional infraction *.803/*.203 for attempting to possess or introduce "any prohibited substances such as drugs, intoxicants or related paraphernalia not prescribed for the inmate by the medical or dental staff." See N.J.A.C. 10A:4-4.1(a)(2)(xv); see also N.J.A.C. 10A:4-4.1(a)(2)(xxxvii). He pleaded not guilty to the charge, claiming he had "no idea what's going on."

2

A disciplinary hearing officer conducted a hearing on September 12, 2019. Appellant had the assistance of counsel substitute. Appellant contended he had "no knowledge of these drugs . . . ." However, the hearing officer found appellant's "defense was not supported," noting that the letter had a return address from a person known to visit appellant and included a friendly note and photographs. The hearing officer relied on the investigative report to conclude that the stamp was concealing Suboxone. The hearing officer found that a "[r]easonable person would believe he knew [the] letter was coming," based on the location of the alleged drugs under the stamp and concluded that the "[e]vidence supports the charge." He noted that appellant did not argue he was being set up. Appellant was sanctioned 180 administrative segregation days, ninety days loss of commutation time, ten days loss of recreation privileges, 365 days of urine monitoring and loss of contact visits.

Appellant administratively appealed the decision. He denied knowledge about the alleged drugs, arguing he should not be held accountable if someone wanted to surprise him with a prohibited gift. The Assistant Superintendent upheld the decision by the hearing officer on September 17, 2019, finding the Department was in compliance with procedural safeguards and the sanction "[was] appropriate to the charge." Appellant appealed the final agency decision.

A-1681-19

On appeal, appellant argues that:

> I. THE DISCIPLINARY HEARING OFFICER'S (DHO) GUILTY FINDING AND THE ADMINISTRATOR'S UPHOLDING OF THAT FINDING [WAS] ARBITRARY, CAPRICIOUS, AND UNREASONABLE.
>
> > A. THE PLAINTIFF'S RIGHT TO DUE PROCESS WAS VIOLATED WHEN THE DEPARTMENT FAILED TO SEND THE ALLEGED CDS TO A LABORATORY FOR TESTING.
> >
> > B. THE DHO'S GUILTY FINDING WAS NOT BASED ON SUBSTANTIAL CREDIBLE EVIDENCE IN THE RECORD.
> >
> > C. THE HEARING OFFICER ERRONEOUSLY PLACED THE BURDEN OF PROOF ON THE PLAINTIFF TO PROVE THAT HE DID NOT COMMIT THE ALLEGED PROHIBITED ACT.

Appellant argues the Department's decision was arbitrary, capricious and unreasonable because it was not based on substantial, credible evidence. He claims his right to due process was violated because the substance under the stamp was not laboratory or field tested as required by Department regulations. Appellant contends the Department did not meet its burden of proof and attempted to shift the burden to him.

In this appeal from an agency action, our review is limited. We ordinarily decline to reverse the decision of an administrative agency unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." In re Taylor, 158 N.J. 644, 657 (1999) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)). A finding that an inmate committed a disciplinary offense must be "supported by substantial evidence," Avant v. Clifford, 67 N.J. 496, 530 (1975), which means, "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 377 (1961) (citation omitted)); see N.J.A.C. 10A:4-9.15(a). When such evidence exists, a court may not substitute its own judgment for the agency's even though the court may have reached a different result. See Henry, 81 N.J. at 579-80.

An inmate who commits an enumerated prohibited act "shall be subject to disciplinary action and a sanction that is imposed by a Disciplinary Hearing Officer or Adjustment Committee . . . ." N.J.A.C. 10A:4-4.1(a). Appellant was charged with *.803/*.203, for attempting to possess or introduce a prohibited substance. The term "possession" is not defined in the relevant regulations. See N.J.A.C. 10A:1-2.2; see also N.J.A.C. 10A:4-1.3. Therefore, in Figueroa, we

applied the definition of possession used in the Criminal Code. There, "[p]ossession . . . signifies a knowing, intentional control of a designated thing, accompanied by a knowledge of its character." Figueroa, 414 N.J. Super. at 192 (quoting State v. Pena, 178 N.J. 297, 305 (2004)). In State v. Morrison, the Court distinguished actual possession from constructive possession. 188 N.J. 2, 14 (2006).

> A person has actual possession of "an object when he has physical or manual control of it." [State v. Spivey, 179 N.J. 229, 236 (2004)] (citing State v. Brown, 80 N.J. 587, 597 (1979)). Alternatively, a person has constructive possession of "an object when, although he lacks 'physical or manual control,' the circumstances permit a reasonable inference that he has knowledge of its presence, and intends and has the capacity to exercise physical control or dominion over it during a span of time." Id. at 237 (quoting State v. Schmidt, 110 N.J. 258, 270 (1988)).
>
> [Ibid.]

In Figueroa, the inmate was found guilty of the same prohibited acts as appellant. 414 N.J. Super. at 190. Figueroa asked a corrections officer if he "could obtain a pack of Bugler tobacco from [another inmate] . . . ." Id. at 189. The corrections officer obtained it for Figueroa but inspected it before giving it to the inmate, finding that one of the cigarettes in the pack was filled with marijuana. Figueroa then would not submit to a drug test. We reversed the

6

guilty finding because the infraction was not based on substantial evidence. The hearing officer's findings did not support that Figueroa knew or was aware that the cigarette pack handed to the officer contained marijuana. Id. at 193.

Here, the Department argues there was substantial credible evidence to support the guilty finding because there was Suboxone under the stamp, the sender visited appellant in the past, and the envelope was correctly addressed with appellant's prison number. The Department argues the location of the drugs under the stamp showed knowledge by appellant to look in that area.

Our review of the record does not show the substantial, credible evidence necessary to support the Department's findings. Just as in Figueroa, appellant did not have actual possession of the alleged drugs. And here, similar to Figueroa, there was no evidence appellant was aware there was anything under the stamp. He denied knowledge of it.[1] The sender may have been familiar to appellant, but there was no evidence the sender sent drugs to appellant or others in the past. There was no evidence this was part of a series of letters that distributed drugs. The Department did not contend appellant received drugs

---

[1] There is a portion of the record that is illegible. In paragraph fourteen ("statement of inmate") of the adjudication section of the disciplinary charge, it states, "I am being" and then the next word is not legible to us. We presume appellant was communicating something about a defense.

through the mail in the past. He took a urine test after the envelope was confiscated and tested negative. There was no evidence appellant requested drugs or that he expected them. Therefore, the record did not support a reasonable inference that appellant had knowledge of the drugs or intended to exercise physical control over them.

The record also did not support the Department's conclusion the letter contained drugs. The relevant regulation provides, "[s]uspected contraband narcotics or dangerous drugs may be forwarded to an approved laboratory for chemical analysis or, where appropriate, field tested at the correctional facility." N.J.A.C. 10A:3-6.5(b). In this case, the substance was not field tested or sent to a laboratory; the Department relied on the investigator's training and experience to conclude this was Suboxone. However, there was nothing in the record which addressed that experience or training. Although appellant argues the regulation required testing, we have no need to address this — and do not — because here there simply was no proof about training or experience. The Department did not shift the burden as appellant alleges; the record did not show that the Department met its burden.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1681-19